# Morgan Lewis

January 28, 2016

**By ECF Filing**

The Honorable Katherine B. Forrest
United States District Court
Daniel Patrick Moynihan U. S. Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:   *Tronox Inc., et al. v. Kerr-McGee Corp., et al.*,
              No. 1:14-cv-05495-KBF

Dear Judge Forrest:

    On January 26, several former Tronox Debtors filed a brief (Dkt. No. 64) asking that any order by this Court on Kerr-McGee Corporation's Motion to Enforce This Court's Injunction (Dkt. No. 37) also (i) provide that any claims against Tronox have been discharged, and (ii) direct that any claims against Tronox be dismissed immediately. Tronox Brief at 4. Yesterday, the Avoca Plaintiffs responded with a lengthy letter and exhibits (Dkt. No. 66), which not only took exception to Tronox's request, but expanded on their prior arguments against Kerr-McGee Corp's Motion.

    Kerr-McGee Corp takes issue with this attempt to supplement and reposition the view that Plaintiffs should be entitled to amend their state court complaints. *See* Plaintiffs' Letter at 2-3. That argument was first raised in Plaintiffs' Sur-reply (Dkt. No. 56), and at the December 3 hearing we explained to this Court why the Plaintiffs should not be allowed to do so. See 12/3/15 Tr. (Dkt. No. 62) at 46:8-47:4. We will not repeat those arguments here.[1]

    This letter is prompted by a new twist in Plaintiffs' letter -- that they be allowed to return to Pennsylvania state court to file any amended complaint. Plaintiffs' Letter at 3. Kerr-McGee Corp objects to this approach and respectfully submits that, if this Court were to allow the Avoca Plaintiffs to amend their claims against Kerr-McGee Corp, they should be required first to show this Court why an amended complaint does not violate the Tronox Injunction. Allowing the Avoca Plaintiffs to return to state court to file any proposed amendments and then requiring Kerr-McGee Corp (once again) to seek enforcement of the Injunction in this Court is not

---

[1] We also will not respond to arguments raised (again) in Plaintiffs' letter that Kerr-McGee Corp waived its rights to challenge Plaintiffs' claims or should be estopped from asserting any defenses to those claims. Those arguments are baseless and were addressed in earlier briefing and at oral argument. See Reply Memorandum Of Law In Support Of Defendant Kerr-McGee Corporation's Motion To Enforce Injunction (Dkt. No. 47) at 9-10; 12/3/15 Tr. (Dkt. No. 62) at 65:4-15.

Plaintiffs' claim that Kerr-McGee Corp somehow misled anyone about its corporate history is likewise baseless. Kerr-McGee Corp's Motion (in 2015) is based upon the same corporate history that the Avoca Plaintiffs themselves alleged in their state court complaints in 2005. As noted by the undersigned *and by Plaintiffs' counsel at oral argument*, that corporate history is undisputed. 12/3/15 Tr. (Dkt. No. 62) at 28:11-30:21; 59:7-16.

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW
Washington, DC 20004
☎ +1.202.739.3000

efficient, fair, or orderly. It would, by necessity, involve two judicial tribunals, not one, and could promote discord between the tribunals, not comity and harmony. It also would be a waste of time and resources for both courts.

Kerr-McGee Corp respectfully proposes that the following procedure be followed to avoid any further potential conflict between this Court and the Pennsylvania state court:

1. If this Court concludes that the Avoca Plaintiffs should be given a chance to amend their claims, the Plaintiffs should be required to send the proposed amended complaint to counsel for Kerr-McGee Corp for review.

2. If Kerr-McGee Corp agrees that the amended complaint does not violate the Tronox Injunction, it will inform counsel for Plaintiffs and this Court within ten (10) business days. The Avoca Plaintiffs could then proceed to seek to amend their existing complaints in state court, and Kerr-McGee Corp can respond accordingly.

3. If Kerr-McGee Corp believes that the amended complaint does violate the Injunction, it will inform counsel for Plaintiffs and this Court within ten (10) business days, outlining its reasons for that view. This Court then could decide how it wishes to resolve the dispute, presumably by briefing and oral argument, if necessary.

This is obviously a very brief and expedited response to the Avoca Plaintiffs' letter, but we wanted to ensure that any further proceedings be efficient, fair, and orderly. If this Court has any questions, we are happy to answer them with additional briefing.

Sincerely,

Thomas R. Lotterman *(admitted pro hac vice)*
Duke K. McCall, III *(admitted pro hac vice)*
Morgan, Lewis & Bockius LLP
2020 K Street, NW
Washington, D.C. 20006-1806
Telephone: (202) 373-6000
Facsimile: (202) 373-6001

Kenneth N. Klee (KK 5910)
David M. Stern *(admitted pro hac vice)*
Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Telephone: (310) 407-4000
Facsimile: (310) 407-9090

Counsel for Kerr-McGee Corporation
(f/k/a Kerr-McGee Holdco, Inc.)